RECEIVE
FEB 15 2019
U.S.D.C.
W.P.
SCANNED

Page 2

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY

# 7:19-cv-2040

| United States District Court | District  Southern District of New York |
|---|---|

| Name (under which you were convicted):  Neil Mena | Docket or Case No.: 16 Cr. 623 |
|---|---|

| Place of Confinement: FCI SCHUYLKILL | Prisoner No.: 14294-052 |
|---|---|

| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) |
|---|---|
| v. | Neil Mena |

## MOTION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    Southern District of New York

    (b) Criminal docket or case number (if you know):  16 Cr. 623 & 15 Cr. 281

2.  (a) Date of the judgment of conviction (if you know): March 22, 2017

    (b) Date of sentencing:  July 10, 2017

3.  Length of sentence: 108 Months

4.  Nature of crime (all counts): Count One: Conspiracy to distribute Heroin, 21 USC §§ 841(a)(1) & 841(b)(1)(C). 30 Months. Count Two: Possession of a firearm in furtherance of Drug Conspiracy, 18 USC §924(c). 60 Months consecutive. 18 Months consecutive, violation of supervised release in Case No. 15 Cr. 281

5.  (a) What was your plea? (Check one)

    (1)  Not guilty ❑        (2)  Guilty ☒        (3)  Nolo contendere (no contest) ❑

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?  N/A

6.  If you went to trial, what kind of trial did you have? (Check one)        Jury ❑        Judge only ❑

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?　　Yes ☐　　No ☒☒

8. Did you appeal from the judgment of conviction?　　Yes ☒☒　　No ☐

9. If you did appeal, answer the following:

　(a) Name of court: **U.S. Court of Appeals 2d Circuit**

　(b) Docket or case number (if you know): **17-2363**

　(c) Result: **Sentence Affirmed**

　(d) Date of result (if you know): **September 24, 2018**

　(e) Citation to the case (if you know): **2018 U.S. App.LEXIS 27209**

　(f) Grounds raised: **The 18 month term of imprisonment on the violations of supervised release, ordered to run consecutively to the term for the new offenses, was substantively unreasonable.**

　(g) Did you file a petition for certiorari in the United States Supreme Court?　　Yes ☐　　No ☒☒

　　If "Yes," answer the following:

　　(1) Docket or case number (if you know):

　　(2) Result:

　　(3) Date of result (if you know):

　　(4) Citation to the case (if you know):

　　(5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

　　Yes ☐　　No ☒☒

11. If your answer to Question 10 was "Yes," give the following information:

　(a) (1) Name of court:

　　(2) Docket or case number (if you know):

　　(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ☐ No ☐

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ☐ No ☐

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:        Yes ☐ No ☐

(2) Second petition:      Yes ☐ No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Defense Counsel's representation fell below the standards of effectiveness required under the Sixth Amendment where defense counsel made an unfulfillable promise outside of the plea agreement which induced Petitioner's guilty plea. See also attached Addendum in Support of 28 USC §2255 Motion

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

Claims of ineffective assistance of counsel are properly raised in §2255 proceedings.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑   No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Defense Counsel's representation fell below the standards of effectiveness required under the Sixth Amendment where defense counsel failed to request for a revocation hearing under Fed.R.Crim.P. 32.1(b)(2) after the Probation Department amended its petition on the morning of sentencing. See also Addendum in support of 28 USC §2255 Motion.

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❏   No ☒

    (2) If you did not raise this issue in your direct appeal, explain why:

        Claims of ineffective assistance of counsel are properly raised in
        §2255 proceedings.

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❏   No ❏

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❏   No ❏

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❏   No ❏

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❏   No ❏

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

**(b) Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ❑

(2) If you did not raise this issue in your direct appeal, explain why:

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑   No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

  (3) Did you receive a hearing on your motion, petition, or application?

  Yes ❑   No ❑

  (4) Did you appeal from the denial of your motion, petition, or application?

  Yes ❑   No ❑

  (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

  Yes ❑   No ❑

  (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

  (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue:

**GROUND FOUR:**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b)  **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑  No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:

(c)  **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑  No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑  No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑  No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not

presenting them: All claims made herein were not presented because claims of ineffective assistance of counsel are properly raised in §2255 proceedings.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?     Yes ☐   No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following

stages of the judgment you are challenging:

(a) At preliminary hearing: Mary Anne Wirth, Law Offices of Bleakley Platt & Schmidt, LLP, One North Lexington Ave., White Plains, NY 10601

(b) At arraignment and plea: Same

(c) At trial: N/A

(d) At sentencing: Same

(e) On appeal:   James M. Brandon, 551 Fifth Ave., Suite 422, New York, NY 10176

(f) In any post-conviction proceeding:  N/A

(g) On appeal from any ruling against you in a post-conviction proceeding:   N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?      Yes XX No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      Yes ☐ No XX

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐  No XX

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*        N/A

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

  (1) the date on which the judgment of conviction became final;
  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Criminal No. 16 Cr. 623 (CS)
15 Cr. 281

Civil No. _____

Neil Mena,

Petitioner

v.

United States of America,

Respondent

Addendum in Support of 28 U.S.C. § 2255

Neil Mena pro se
Reg.No. #14294-052
FCI SCHUYLKILL
P.O. BOX 759
Minersville, PA 17954

## I. Statement of Case

A grand jury in the Southern District of New York returned a two count indictment charging Petitioner with Conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B), and possession of a firearm in furtherance of the narcotics conspiracy, in violation of 18 U.S.C. §924(c). On March 22, 2017, Petitioner pled guilty, pursuant to a plea agreement, to a lesser included offense of conspiring to possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), & 841(b)(1)(C), and to possessing a firearm in furtherance of that conspiracy. [1]/

On July 10, 2017, Petitioner was sentenced to 30 months imprisonment on the drug distribution offense and 60 months consecutive on the firearm charge for a total term of 90 months imprisonment.

With respect to Petitioner's violation of supervised release under Case number 15 Cr. 281 (CS), Petitioner was sentenced (on July 10, 2017), to 18 months imprisonment, consecutive to Petitioner's 90 month sentence in Case number 16 Cr. 623 (CS).

Petitioner filed a timely notice of appeal which was denied by the United States Court of Appeals for the Second Circuit on September 24, 2018. See United States v. Mena, No. 17-2363.

---

1. Petitioner was previously convicted in the Northern District of New York in 2007 for drug offenses and weapons possession. See Criminal Docket No. 07 Cr. 163 (NAM). Petitioner was sentenced to 100 months imprisonment and four years supervised release which commenced on January 30, 2015 upon Petitioner's release. Jurisdiction was transferred to this Court with a new criminal docket number of 15 Cr. 281 (CS).

## II. Statement of Facts

On October 5, 2016, five months before Petitioner entered into a plea agreement in Case Number 16 Cr. 623 (CS), the United States Probation Department (USPD) submitted its petition to this Court with respect to Petitioner's supervised release violation in Case Number 15 Cr. 281. U.S. Probation Officer Jaclyn Grabowski, with approval of Supervisory Probation Officer Andrew Chan, petitioned that this Court sentence Petitioner to 24 months imprisonment **"concurrent"** with any sentence imposed under docket number 16 Cr. 623. See Joint Appendix @ "A." Petitioner thereafter informed defense counsel that he would be willing to plead guilty to the supervised release violation under that condition. See J.A. @ "B."

During the plea discussions in Case number 16 Cr. 623 (hereinafter the instant offense) Petitioner informed defense counsel that he would be willing to plead guilty under two conditions: (1) if he would indeed be allowed to plead to the lesser included offense of § 841(b)(1)(C) and (2) if indeed his supervised releaese violation sentence would be ran concurrent with the sentence imposed for the instant offense. See J.A. @ "B."

Defense Counsel informed Petitioner that since the "USPD" petitioned that his time be ran concurrent that the sentence would definitely be ran concurrent. Id. Before Petitioner agreed to enter his guilty plea to the charges with respect to his instant offense Petitioner made clear to defense counsel that he would plead guilty only if his supervised release violation sentence would be ran concurrent, among other things. Id.

On July 10, 2017, the day of Petitioner's sentencing, and five months

after Petitioner entered his guilty plea to the instant offense pursuant to Rule 11 of the Federal Rules of Criminal Procedure with the belief that his supervised release violation sentence would be ran concurrent, Petitioner was furnished with a copy the USPD's amended petition in regards to Petitioner's supervised release violation. See J.A. @ "C."

Defense counsel informed Petitioner that the USPD now advocated for a 24 month sentence **"consecutive"** with any sentence imposed to his instant offense. Id.

After promising Petitioner that his supervised release violation sentence would be ran concurrent and receiving the amended USPD petition, Petitioner requested to counsel that he no longer wished to plead guilty to the instant offense or the the supervsied release violation to which counsel did not file a motion to withdraw his plea.

## III. Legal Standard

"A defendant may withdraw a plea of guilty...after the court accepts the plea but before sentence, if...the defendant can show a fair and just reasson for requesting the withdrawal." Fed.R.Crim.P. 11(d)(2)(B). In determining whether a defendant has made such a showing a district court will consider "inter alia: (1) whether the defendant has asserted his or her legal innocence in the motion to withdraw the guilty plea; (2) the amount of time that has elapsed between the plea and the motion; and (3) whether the government will be prejudiced by a withdrawal of the plea." United States v. Schmidt, 373 F.3d 100, 102-03 (2d Cir. 2004) (per curiam)(citation omitted).

However, "[w]here a motion to withdraw a plea is premised on involuntariness, the defendant must raise a significant question about the

-4-

voluntariness of the original plea." United States v. Doe, 537 F.3d 204, 210 (2d Cir. 2008). The Supreme Court has held that "[a] guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void." Machibroda v. United States, 368 U.S. 487, 493 (1962). Indeed, the Supreme Court has instructed that, with regard to voluntariness, a guilty plea "must stand unless induced by threats (or promises to discontinue improper harassment), **misrepresentation (including unfulfilled or unfulfillable promises)....**" Brady v. United States, 397 U.S. 742, 755 (1970)(emphasis added).

"Ineffective assistance of counsel during plea negotiations can [also] invalidate a guilty plea and make granting withdrawal appropriate, to the extent that counsel's deficient performance undermines the voluntary and intelligent nature of defendant's decision to plead guilty." Doe, 537 F.3d @ 213. (quoting United States v. Arteca, 411 F.3d 315, 320 (2d Cir. 2005). "To advance an ineffective assisatnce of counsel claim in the context of a plea, the defendant must show that (1) counsel's performance fell below an objective standard of reasonablness, and (2) but for counsel's unprofessional errors, the result of the proceedings would have been different." Doe, 537 F.3d 213-14. "To satisfy the second prong...in the context of plea negotiations, the defendant must show that there is a reasonable probability that were it not for counsel's errors, he would not have pled guilty and would have proceeded to trial." Ibid.

## IV. Discussion

    A. Defense Counsel's representation fell below the standards of effectiveness required under the Sixth Amendment where defense counsel (1) made an unfulfillable promise ouside of the plea agreement which induced Petitioner's guilty plea (2) failed to request for a revocation hearing under Fed.R.Crim.P. 32.1(b)(2) after the Probation Department amended its petition on the morning of sentencing.

A defendant in criminal proceedings has a right under the Sixth Amendment to effective assistance from his attorney at all critical stages in the proceedings, which include entry of a guilty plea. See Hill v. Lockhart, 474 U.S. 52, 58 (1985). At sentencing, it is important for the judge to ascertain whether acceptance of a plea agreement is based on promises made outside of the plea agreement. See Boykin v. Alabama, 395 U.S. 238, 242-43 (1969); United States v. Fels, 599 F.2d 142, 147 (7th Cir. 1979); United States v. Gray, 584 F.2d 96, 97 (5th Cir. 1978). This is typically done as part of the Rule 11 colloquy. Where the invalidity of a plea of guilty is asserted in the context of a §2255 motion, the court's duty is to examine the record of the plea proceedings to determine if the judge who accepted the plea of guilty complied with Rule 11, i.e., whether that record demonstrates that the defendant's plea was made voluntarily with an understanding of the nature of the charge and whether there was a factual basis for the plea. Seiller v. United States, 544 F.2d 554, 567 (2d Cir. 1977).

-6-

On the other hand, deception that induces a plea agreement is considered to undermine the validity of the plea. <u>Machibroda</u>, 368 U.S. @ 493. Accordingly, courts should endeavor to protect against convictions based upon pleas induced by coercion, misunderstanding, or general confusion. <u>See</u> <u>United States Ex Rel. v. Follette</u>, 395 F.2d 721, 724 (2d Cir. 1968).

> **(i) Defense Counsel's promise of a concurrent sentence was advice that did not fall within the range of competence demanded by attorney's per the Sixth Amendment and thereby undermined the voluntary and intelligent nature of Petitioner's decision to plead guilty.**

In the case <u>sub judice</u>, **before** Petitioner entered his plea per Rule 11, defense counsel visited Petitioner in November of 2016, and provided him with the USPD's sentencing petition for his supervised release violation sentence. <u>See</u> J.A. @ B ¶3-4. Petitioner went over this document and first emphasized that he would be willing to plead guilty to his supervised release violation if indeed the sentence would be concurrent to his instant offense sentence. <u>Id</u>. ¶5. Defense counsel assured Petitioner that since the USPD did indeed petition for a concurrent sentence that it would definitely be ran concurrent. <u>Id</u>. @¶5.

Some three months later, in February of 2017, defense counsel again visted Petitioner in regards to plea discussions with respect to the instant offense. <u>Id</u>. @ ¶6-7. During the discussions, Petitioner advised defense counsel that he would be willing to enter a guilty plea under two conditions. One, that he would plead to the lesser included offense (§841(b)(1)(C)), and two, that his supervised release violation sentence would indeed be ran concurrent with the sentence imposed for his instant offense. <u>Id</u>. @ ¶8.

In response, defense counsel informed Petitioner that his first condition would be met because the U.s. Attorney's Office agreed to that condition. Id. @ ¶9. Defense Counsel then informed Petitioner that his second condition would be met because the USPD agreed that his sentence be ran concurrent with any sentence imposed in Case No. 16 Cr. 623. Id. @ ¶9.[2/]

Before Petitioner signed the plea agreement in the case sub judice, Petitioner again inquired as to the two conditions he would plead guilty under, in particular the violation of probation sentence, in which defense counsel replied: "I promise you'll get them, the only reason the probation violation isn't in the plea agreement is because its separate, a different issue, but I'm telling you, the sentence will be ran concurrent because that's what your P.O. wants." Id. @ ¶10.

As explicated in Petitioner's affidavit, on the morning of Petitioner's sentencing hearing for the instant offense, defense counsel visited Petitioner in the courthouse bullpen and informed Petitioner that she had bad news and communicated to Petitioner that USPD Officer Grabowski was unavailable and that a new USPD Officer had amended its sentencing petition and now petitioned for a "**consecutive**" sentence in regards to Petitioner's supervised release violation. Id. @ ¶12. Defense Counsel furnished Petitioner with a copy of this amended peteition dated July 10, 2017. See J.A. @ "C."

---

2. During these February discussions, defense counsel also expressed to Petitioner, in response to Petitioner's inquiry about the violation sentence indeed being ran concurrent, that "the current plea negotiations were a separate matter and not to worry about the violation time because that's pretty much guranteed to be ran concurrent," and that "she just couldn't gurantee the 18 months. Id. @ ¶7.

Defense counsel stated that she was sorry and that she knew that she had promised Petitioner that his supervised release sentence would be ran concurrent but that USPD Officer was unavailable. Id. @ ¶12. Petitioner then communicated to counsel that he did not wish to plead guilty to either the instant offense or the supervised release violation to which counsel stated to Petitioner that it was too late for Petitioner to change his mind and that if he didn't plead guilty to his supervised release he would indeed receive the maximum sentence ran consecutive despite any argument she made otherwise. Id. @ ¶13.

In the absence of the substandard advice from Petitioner's attorney, Petitioner would not have entered a guilty plea to his instant offense or the supervised release violation. Id. ¶14 <u>Gonzalez v. United States</u>, 722 F.3d 118, 132 (2d Cir. 2012).

### (ii) Deficient Performance

It is well-established that "where,...a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" <u>Hill v. Lockhart</u>, 474 U.S. 52, 56 (1985)(quoting <u>McMann v. Richardson</u>, 397 U.S. 759, 771 (1970).

Turing to the IAC claims, the issue before this court is whether counsel performed unreasonably by advising, guranteeing, and promising Petitioner that his supervised release sentence would ran concurrent with any sentence imposed to his instant offense. By affirming to Petitioner that the sentence would indeed be ran concurrent with another unknown future sentence,

-9-

counsel's performance clearly fell below the standards of effectiveness
guranteed to a defendant by the Sixth Amendment. This is so because
federal law say's so. A defense counsel has no authority to assure a
defendant of what his sentence will be, especially a sentence made outside
of a plea agreement. See Rodriguez v. Uniteed States, 2011 U.S. Dist.LEXIS
107385 (S.D.N.Y. 2011)(Denying defendant's ineffective assistance of counsel
claim that counsel mis-informed him regarding his potential sentence where
the court informed defendant that no one including his counsel could give
any assurance as to the length of a sentence). Federal Rules of Criminal
Procedure clearly establish that conditional pleas require the consent of
the court and the government. See Fed.R.Crim.P. 11(a)(2).__3/__

------------------------

3. Counsel's performance was also deficient in the sense that counsel did
   not demand the appearance of USPD Officer Grabowski. At Petitioner's
   sentencing hearing there was a dispute as to whether USPD Officer Grab-
   owski **consciously** petitioned for the concurrent sentence or committed
   an oversight. The government, at sentencing, argued that Officer Grabo-
   wski had been transferred and that there office did not get a chance
   to speak with her but that based on its conversations with supervisors
   [Petitioner would assume Supervisor Andrew Chan] "it sounded like the
   recommendation for a concurrent sentence was an oversight." __Id.__ Sentencing
   hearing Transcripts @ 11. In rebuttal, Petitioner's defense counsel argued
   Officer Grabowski did petition for a concurrent sentence consciously be-
   cause of her experience with Petitioner. __Id.__ @ 15. First as to the oversight
   argument made by the government it should be noted to the court that Officer
   Grabowski making an oversight is just simply not plausible in light of the
   fact that Officer Grabowski's initial October 5th sentencing petition was
   approved by her supervisor Andrew Chan. See J.A. @ "A." The amended petition
   made on the day of Petitioner's sentencing was indeed submitted by "Andrew
   Chan." See J.A. @ "C." As to counsel's deficient performance, competent
   defense counsel would have requested and demanded the appearance of Officer
   Grabowski to resolve a clear dispute as to her intent which could have
   maybe benefitted Petitioner thereby establshing the prejudice prong of an
   IAC claim.

Petitioner, as elucidated in his affidavit, pled guilty only on the advice, promise and gurantee by defense counsel of a concurrent sentence. See J.A. @ "B," ¶14. This was advice that any ordinary competent attorney should have known not to give. This unfulfillable promise induced Petitioner to plead guilty, and because counsel's advice was undeniably contrary to federal law, Petitioner cannot be said to have knowingly, voluntarily, and intelligently pled guilty. See Santobello v. New York, 404 U.S. 257, 267 (1991)(holding that a guilty plea induced by a misrepresentation including an unfulfillable promise, is grounds for relief, is not a voluntary plea and is subject to collateral attack); United States ex rel. Thurmond v. Mancusi, 275 F.Supp. 508 (E.D. N.Y. 1967)(A guilty plea induced by a mistaken belief that a binding plea agreement had been made is invalid even if it is defendant's own attorney who is responsible for defendant's mistaken belief); United States ex rel. Elksnis v. Gilligan, 256 F.Supp. 244, 249 (S.D.N.Y. 1966)("[E]ven where no specific promise was made, and a guilty plea was entered as a result of a 'grave misunderstanding' solely on the part of defense counsel and not participated in by either the prosecution or the judge, the interest of justice required that defendants be relieved of their pleas and the judgments of conviction vacated"); United States v. Shneer, 194 F.2d 598 (3rd Cir. 1952)(innocent misrepresentation by counsel vitiates plea). 4/ 5/

-----------------------------------

4. As cited supra, the Second Circuit in Seiller, held that where the invalidty of a plea of guilty is asserted in the context of a § 2255 motion, the court's duty is to examine the record of the plea proceedings to determine if the judge who accepted the plea of guilty complied with Rule 11.

(Continued)

### (iii) Prejudice

The prejudice prong of Strickland v. Washington, 466 U.S. 668 (1984), is satisfied when a "defendant [] show[s] that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." Hill, supra, 474 U.S. @ 59. Here Petitioner suffered prejudice as a result of counsel's substandard advice. As elucidated in Petitioner's affidavit, (@ ¶14), he

---------------------

(continued) However, the framework establsihed in Seiller would be inapplicable in the case sub judice in light of the fact that the breach of defense counsel's improper, unfulfillable promise did not occur until **after** the Rule 11 plea hearing (at sentencing). See Siegel v. New York, 1982 U.S. Dist. LEXIS 13586 (S.D.N.Y. 1982)(Holding that a defendant cannot be expected to object at the time of the plea to the involuntariness of his plea when the breach of the plea agreement has yet to occur). "And, of course, even the trial court's compliance with Fed.R.Crim.P. 11 does not gurantee that the guilty plea is constitutionally valid." United States v. Couto, 311 F.3d 179, 187 fn.8 (2d Cir. 2003)(citing Fontaine v. United States, 411 U.S. 213 (1973) (per curiam).

5. The Second Circuit has held that "where a defendant's [IAC] claim is that counsel has misled him as to the possible sentence that might result from a plea of guilty, the issue is whether the defendant was aware of actual sentencing possibilities, and if not, whether accurate information would have made any difference in his decision to enter a plea." United States v. Arteca, supra, 411 F.3d @320 (citing Ventura v. Meachum, 957 F.2d 1048, 1058 (2d Cir. 1992). First, as an initial matter, the court in both Arteca and Ventura relied on the Rule 11 colloquy to hold that those defendant's were aware of possible sentencing possibilities. As expreseed in footnote 4 supra, the Rule 11 hearing in the case sub judice is immaterial in light of the fact that the breach of defense counsel's improper, unfulfillable promise did not occur until **after** Petitioner's Rule 11 hearing. Second, defense counsel's promise and gurantee that he would receive a concurrent sentence because the USPD had agreed to the concurrent sentence,(see J.A. @ "B," ¶5, 9, 10), misled Petitioner into believing that the court would be constrained into imposing a concurrent sentence. Arteca, 411 F.3d @320 ("Nor does [defendant] contend that he was misled into believing that the court was constrained by the plea agreement in imposing a sentence."). See J.A. @ "B," ¶15. Wherefore, Arteca and Ventura are distinguishable on these grounds.

would not have entered a guilty plea to the instant offense (or the super-vised release violation)[6/] had he known that counsel's promise of a con-current sentence was unfulfillable. See J.A. @ "B," ¶14. Arteca, supra, 411 F.3d @ 318 (Holding that defendant failed to meet the prejudice prong of Strickland where the defendant had not provided any evidence "such as an affidavit representing that he would have chosen to proceed to trial.").

Because the decision whether to enter into a plea agreement is "ordinarily the most important single decision in a criminal case...[and] counsel may and must give the client the benefit of counsel's professional advice on this crucial decision," United States v. Gordon, 156 F.3d 376, 380 (2d Cir. 1998), "an attorney's affirmative misrepresentation[]...[][] constitute[s] ineffective assistance." United States v. Couto, supra 311 F.3d @187; See also Boria v. Keane, 99 F.3d 492 (2d Cir. 1996)(Habeas petition granted based on trial counsel's failure to provide defendant with constitu-tionally required advice.); United States v. Bui, 769 F.3d 831 (3rd Cir. 2014) (Granting habeas relief upon counsel's incorrect advive.),

---------------------

6. Adjunct to this claim of course is that Petitioner also would not have pled guilty or admitted guilt with respect to the supervised release violation. See J.A. @ "B," ¶14. Although Petitioner was advised as to his rights at the sentencing hearing with respect to a revocation hearing, that advisement was negated by defense counsel's advice that if he did indeed seek the said re-vocation hearing he would most definitely get the maximum penalty consecutive despite any argument she made otherwise. Id. ¶13.

-13-

## CONCLUSION

For the foregoing reasons, the § 2255 Motion should be granted and any other such relief deemed just and equitable under the circumstances.

Dated: 2-12-19

Respectfully Submitted,

/s/ _Neil Mena_

Neil Mena pro se
Reg.No. #14294-052
FCI SCHUYLKILL
P.O. BOX 759
Minersville, PA 17954

Duly Sworn
2-12-19

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing 28 U.S.C. §2255 Motion, and Addendum in support of the § 2255 motion and the Joint Appendix was affixed with sufficient first class postage and provided to the legal mail room staff for forwarding to the following party:

Maurene Ryan Comey, AUSA
Office of the U.S. Attorney
One Saint Andrew's Plaza
New York, NY 10007

_____          _____
Name                                                Date

-14-

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Criminal No. 16 Cr. 623 (CS)
15 Cr. 281

Civil No. _____

Neil Mena,

Petitioner

v.

United States of America,

Respondent

JOINT APPENDIX

Neil Mena pro se
Reg.No. 14294-052
FCI SCHUYLKILL
P.O. BOX 759
Minersville, PA 17954

# TABLE OF CONTENTS

October 5, 2016, Probation Department Sentencing Petition     A

Petitioner's Sworn Affidavit     B

July 10, 2017, Probation Department Amended Sentencing Petition     C

JOINT APPENDIX "A"



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
PROBATION DEPARTMENT

TO:          Honorable J. Paul Oetken
             U.S. District Judge

FROM:        Jaclyn Grabowski
             U.S. Probation Officer

                         RE: Neil Mena
                         Docket No. 1:15CR00281

Enclosed is a matter from the U.S. Probation Department requesting consideration and/or review by Your Honor. **This matter is confidential and should be sealed and not docketed.** Also, please forward a copy of your response to our office at 500 Pearl Street, 6th floor, so that we may take appropriate action.

                         Respectfully submitted,

                         Jaclyn Grabowski
                         U.S. Probation Officer
                         Phone: 212-805-0076

Approved By:

Andrew Chan
Supervisory U.S. Probation Officer
Phone: 212-805-5111

DATE: October 5, 2016



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

<u>REQUEST FOR WARRANT</u>

| | |
|---|---|
| UNITED STATES OF AMERICA | ) VIOLATION REPORT |
| | ) |
| vs. | ) Docket No.: 1:15CR00281 |
| | ) |
| Neil Mena | ) Date of Sentence: November 16, 2007 |
| a.k.a. Neal Mena, "Smiley" | ) |

---

Prepared For: Honorable J. Paul Oetken
     U.S. District Judge

Prepared By: Jaclyn Grabowski
     U.S. Probation Officer
     212-805-0076

Assistant U.S. Attorney      Defense Counsel
Maurene Comey        Mary Anne Wirth
300 Quarropas St.
White Plains, NY 10601
914-933-1900

Offense:  Ct 1: Felon in Possession of Firearms, 18 U.S.C. 922(g)(1) and 924(a)(2), a Class C
     Felony
     Ct 2: Possession with Intent to Distribute Cocaine, 21 U.S.C. 841(a)(1) and
     841(b)(1)(C), a Class C Felony.

Original Sentence:  100 Months Custody and 4 Years Supervised Release

Special Conditions:  Drug Treatment, Alcohol Treatment, Search/Seizure and Substance
        Abuse Testing.

Custody Status:  In federal custody.

Attachments:  PSI & Judgment

Type of Supervision: Supervised Release   Date Supervision Commenced: January 30, 2015
                  Date Supervision Expires: January 29, 2019

Mena, Neil                                    2                          240688 - JG
Date: October 5, 2016

**SUPERVISION ADJUSTMENT**

On November 16, 2007, Mr. Mena was sentenced by Chief United States District Court Judge
Norman Mordue in the Northern District of New York, after pleading guilty to Felon in
Possession of Firearms (18 U.S.C. 922(g)(1) and 924(a)(2), a class C Felony), and Possession
with Intent to Distribute Cocaine (21 U.S.C. 841(a)(1) and 841(b)(1)(C), a class C felony). Mr.
Mena was sentenced to one hundred (100) months imprisonment followed by four (4) years
supervised release. Mr. Mena was ordered to pay a special assessment fee of $200.

The judgment included the following special conditions:

1. The defendant shall participate in a program of testing and treatment for substance abuse,
   approved by the probation officer, until such time as the defendant has satisfied all
   requirements of the program.
2. The defendant shall submit to a warrantless search and seizure of person and property as
   directed by the probation officer, to determine whether the defendant is in possession of
   contraband or there is evidence of violation.

The offense that yielded supervised release involved Neil Mena selling illegal narcotics in Utica,
New York. The Utica Police Department executed a search of Mr. Mena's residence that
recovered a loaded Smith and Wesson Model 19, .357 magnum revolver, a Charles Daly 12
gauge pump-action shotgun, and a Raven .25 caliber semiautomatic pistol. Upon further
investigation of Mr. Mena's apartment, officers found plastic bags containing cocaine in a safe.

On January 30, 2015, Mr. Mena was released from federal custody to the Southern District of
New York to commence his term of supervised release. Jurisdiction of this case was
subsequently transferred to the Southern District of New York and assigned to Your Honor.

Mr. Mena was residing at 3086 Hatting Place, Bronx, New York, 10465, with his mother and
younger brother. Initially, the releasee was unemployed for the first five months of supervised
release. He later secured employment at an ambulette service assisting the driver with
transporting patients. Mr. Mena was employed with this company for about a year. He left this
job after sustaining an injury at work. He was unemployed for two months. In August 2016, Mr.
Mena secured employment at Wayback Burgers, Yorktown Heights, New York.

On June 2, 2015, Mr. Mena tested positive for marijuana use. Mr. Mena was able to maintain
abstinence until January 20, 2016 when he tested positive for marijuana use again. Consequently,
he was referred to outpatient treatment at Samaritan Village/Daytop Bronx. Mr. Mena tested
positive again on March 1, 2016. He ultimately completed the outpatient treatment program on
June 9, 2016. The most recent drug test administered at the Probation Office on August 11, 2016,
produced negative results for illicit drug use.

On September 14, 2016, Mr. Mena was arrested by the Federal Bureau of Investigation (FBI).
Mr. Mena's was charged with A Felon in Possession of a Firearm and Narcotics Conspiracy.

While under supervised release, Mr. Mena reported for all scheduled office appointments and
submitted requested documentation in a timely manner. However, he was unable to remain
trouble free with the law.

Mena, Neil                                    3                              240688 - JG

In view of new criminal charges, we are charging Mr. Mena with violating the following conditions of supervised release:

## VIOLATION CIRCUMSTANCES

1. ON OR ABOUT SEPTEMBER 14, 2016, IN BRONX, NEW YORK, NEIL MENA COMMITTED A FEDERAL CRIME, CONSPIRACY TO DISTRIBUTE AND POSSESS WITH INTENT TO DISTRIBUTE 100 GRAMS OR MORE OF HEROIN, IN VIOLATION OF TITLE 21 U.S.C. 846, 841 (a)(1)  841 (b)(1)(B), A CLASS B FELONY. MANDATED CONDITION, MANDATORY REVOCATION, GRADE A VIOLATION.

2. ON OR ABOUT SEPTEMBER 14, 2016, IN BRONX, NEW YORK, NEIL MENA COMMITTED A FEDERAL CRIME, POSSESSION OF A FIREARM IN CONNECTION WITH A NARCOTICS CONSPIRACY, IN VIOLATION OF TITLE 18 U.S.C. 924 (c)(1)(A)(i), A CLASS B FELONY. MANDATED CONDITION, MANDATORY REVOCATION, GRADE A VIOLATION.

Subsequent to Mr. Mena's arrest by the FBI on September 14, 2016, the probation office executed a condition search of his residence at 3086 Hatting Place, second floor, Bronx, NY, 10465. This search was conducted pursuant to the special search condition of supervised release. During the course of the search, the following items were seized from the residence:

1. Round of FC 9mm Luger ammunition
2. Sar Arms Black 9mm – Serial Number: T1102 15co2516
3. Box of Remington 40 S&W Ammunition containing (43) rounds
4. Tinfoil package containing a white powdery substance with the approximate weight of 4.6 grams.
5. Tinfoil package containing a white powdery substance with the approximate weight of 12.6 grams.
6. Beige pills marked "215."
7. CR Digital Scale "JDS-J100"(Silver) containing white powder residue.

## COURT STATUS IN OTHER JURISDICTIONS

The new federal charges are before the Honorable Cathy Seibel, United States District Judge, Southern District of New York, under the alias of Neal Mena, docket number 16 CR 623, along with co-defendant Richard Almarez. The pending federal charges listed in violation specifications 1 and 2, and under docket number 16-CR-623 are class B felonies. The maximum imprisonment term for each offense is at least twenty-five years.

## SENTENCING OPTIONS

CRIMINAL HISTORY CATEGORY: IV

Chapter Seven of the Sentencing Guidelines sets forth policy statements regarding sentencing considerations in violation of supervised release matters. Case law requires the Court to consider these issues but, since they are policy statements, they are not binding.

Mena, Neil                                        4                              240688 - JG

According to Section 7B1.4, the possible ranges of imprisonment applicable upon a violation of supervised release are as follows:

| Specifications | Grade of Violation | Statutory Imprisonment | Statutory Supervised Release | Guideline Provisions | Recommended Sentence |
|---|---|---|---|---|---|
| 1*,2* | Grade A | 2 years | Life | 24 to 30 months | 24 Months |

## STATUTORY PROVISIONS

As the defendant was originally convicted of a Class C Felony, he may be required by statute {18 USC 3583 (e)(3)} to serve a period of incarceration of not more than 2 years years. Since the offense yielding supervision occurred on November 16, 2007, after the Protect Act of April 20, 2003, the aggregate rule is negated.

Pursuant to 18 USC 3583(h), if a term of supervised release is revoked and the term of imprisonment is imposed, supervised release not to exceed life can be reimposed as authorized under the original offense, 21 USC 841(b)(1)(C), less any term of imprisonment that was imposed upon revocation of supervised release.

*Pursuant to 18 USC 3583(g), if the defendant is found to have possessed a controlled substance, possessed a firearm and/or failed to comply with drug testing, the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3).

Mena, Neil                                          5                              240688 - JG

## RECOMMENDATION

At this time we would respectfully request that the Court issue a warrant, so the offender can be brought before the Court to answer to the above specifications.

If the Court finds Mr. Mena is guilty of a Grade A violation, we are respectfully recommending that he be sentenced to the statutory maximum of twenty-four (24) months imprisonment to be served concurrent with any sentenced imposed under docket# 16 CR 623. We are recommending no supervised release to follow, as Mr. Mena will be under supervised release under docket# 16 CR 623.

Should the Court grant our request to initiate violation action, this memorandum will be disclosed to the offender, defense counsel and prosecutor, unless Your Honor directs otherwise.

## JUSTIFICATION

Mr. Mena's involvement in the offense that yielded supervised release involved him selling narcotics and possessing multiple firearms. These are the same charges that have been filed under docket # 16 CR 623. Mr. Mena has prior convictions for criminal possession of a weapon (loaded firearm), at the age of 17, criminal possession of a weapon with the intent to use (gravity knife) and attempted robbery.

Mr. Mena continues to be a persistent criminal involved in the sale of illicit drugs and illegally possessing firearms. It is apparent that he has not learned from his past encounters with the criminal justice system and Mr. Mena remains a danger to the community. He is poisoning the streets and exacerbating the current heroin epidemic that has besieged society. In addition, while distributing illicit drugs, he is carrying a loaded firearm.

Mr. Mena's blatant disregard for the Court and the laws that govern our society is evidence that he is not ready to change his criminal thinking to become a productive member of society. Due to the severity of the pending charges that have been brought against him, we are recommending the statutory maximum imprisonment term.

Respectfully submitted,

*Jaclyn Grabowski*

Jaclyn Grabowski
U.S. Probation Officer

Approved By:

*Andrew Chan*

Andrew Chan    10/5/16
Supervisory U.S. Probation Officer



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
PROBATION DEPARTMENT

Petition for Warrant
with Attached Request for
Court Action Direction Detailing Probable Cause

Offender: Neil Mena a.k.a. Neal Mena, "Smiley"                Docket Number: 1:15CR00281

Sentencing Judge: Honorable J. Paul Oetken, U.S. District Judge

Date of Original Sentence: November 16, 2007

Original Offense: Ct 1: Felon in Possession of Firearms, 18 U.S.C. 922(g)(1) and 924(a)(2), a Class C Felony
Ct 2: Possession with Intent to Distribute Cocaine, 21 U.S.C. 841(a)(1) and 841(b)(1)(C)

Original Sentence: One Hundred (100) Months Custody, followed by Four (4) Years Supervised Release

Type of Supervision: Supervised Release Date Supervision Commenced: November 16, 2007

## PETITIONING THE COURT TO ISSUE A WARRANT

The offender has not complied with the following conditions of supervision:

**Nature of Noncompliance**

1. ON OR ABOUT SEPTEMBER 14, 2016, IN BRONX, NEW YORK, NEIL MENA COMMITTED A FEDERAL CRIME, CONSPIRACY TO DISTRIBUTE AND POSSESS WITH INTENT TO DISTRIBUTE 100 GRAMS OR MORE OF HEROIN, IN VIOLATION OF TITLE 21 U.S.C. 846, 841 (A)(1)  841 (B)(1)(B), A CLASS B FELONY. MANDATED CONDITION, MANDATORY REVOCATION, GRADE A VIOLATION.

2. ON OR ABOUT SEPTEMBER 14, 2016, IN BRONX, NEW YORK, NEIL MENA COMMITTED A FEDERAL CRIME, POSSESSION OF A FIREARM IN CONNECTION WITH A NARCOTICS CONSPIRACY, IN VIOLATION OF TITLE 18 U.S.C. 924 (C)(1)(A)(I), A CLASS B FELONY. MANDATED CONDITION, MANDATORY REVOCATION, GRADE A VIOLATION.

Mena, Neil                                    2                          240688 - JG

U.S. Probation Officer Recommendation:

    The term of supervision should be:

        [X] Revoked

          Extended for year(s), for a total term of years.

    The conditions of supervision should be modified as follows:

I declare under penalty of perjury that the foregoing is true and correct. (Supporting documentation is attached)

                        Respectfully submitted,

                        Michael Fitzpatrick
                        Chief U.S. Probation Officer

                        Jaclyn Grabowski
                        U.S. Probation Officer

Approved By:

Andrew Chan    10/5/16
Supervisory U.S. Probation Officer

Mena, Neil                                3                        240688 - JG
                                                        Docket No.: 1:15CR00281



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
PROBATION OFFICE

*Judicial Response*

THE COURT ORDERS:

[ ] The Issuance of a Warrant

[ ] The Issuance of a Summons

[ ] Submit a Request for Modifying the Condition or Terms of Supervision

[ ] Other

_____
Signature of Judicial Officer

_____
Date

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
## for the
## Southern District of New York

UNITED STATES OF AMERICA ⟩
⟩
vs. ⟩   Case No. 1:15CR00281
⟩
Neil Mena ⟩
a.k.a. Neal Mena, "Smiley" ⟩

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States Magistrate Judge without unnecessary delay Neil Mena, who is accused of an offense or violation based on the following document filed with the court:

 X  Supervised Release Violation Petition

This offense is briefly described as follows:
1.      ON OR ABOUT SEPTEMBER 14, 2016, IN BRONX, NEW YORK, NEIL MENA  COMMITTED A FEDERAL CRIME, CONSPIRACY TO DISTRIBUTE AND POSSESS WITH INTENT TO DISTRIBUTE 100 GRAMS OR MORE OF HEROIN, IN VIOLATION OF TITLE 21 U.S.C. 846, 841 (a)(1) 841 (b)(1)(B), A CLASS B FELONY. MANDATED CONDITION, MANDATORY REVOCATION, GRADE A VIOLATION.

2.      ON OR ABOUT SEPTEMBER 14, 2016, IN BRONX, NEW YORK, NEIL MENA COMMITTED A FEDERAL CRIME, POSSESSION OF A FIREARM IN CONNECTION WITH NARCOTICS CONSPIRACY, IN VIOLATION OF TITLE 18 U.S.C. 924 (c)(1)(A)(i), A CLASS B FELONY. MANDATED CONDITION, MANDATORY REVOCATION, GRADE A VIOLATION.

Date: _____

_____
*Issuing officer's signature*

City and state: _____    Honorable J. Paul Oetken U.S. District Judge
*Printed name and title*

|  Return |
| --- |
| This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____ at *(city and state)* _____ |
| Date: _____          _____ *Arresting officer's signature* |
| City and state: _____          _____ *Printed name and title* |



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
PROBATION DEPARTMENT

Petition for Warrant
with Attached Request for
Court Action Direction Detailing Probable Cause

Offender: Neil Mena a.k.a. Neal Mena, "Smiley"          Docket Number: 1:15CR00281

Sentencing Judge: Honorable J. Paul Oetken, U.S. District Judge

Date of Original Sentence: November 16, 2007

Original Offense:  Ct 1: Felon in Possession of Firearms, 18 U.S.C. 922(g)(1) and 924(a)(2), a
Class C Felony
Ct 2: Possession with Intent to Distribute Cocaine, 21 U.S.C. 841(a)(1) and 841(b)(1)(C)

Original Sentence: One Hundred (100) Months Custody, followed by Four (4) Years Supervised
Release

Type of Supervision: Supervised Release Date Supervision Commenced: November 16, 2007

PETITIONING THE COURT TO ISSUE A WARRANT

The offender has not complied with the following conditions of supervision:

**Nature of Noncompliance**

1. ON OR ABOUT SEPTEMBER 14, 2016, IN BRONX, NEW YORK, NEIL MENA
   COMMITTED A FEDERAL CRIME, CONSPIRACY TO DISTRIBUTE AND
   POSSESS WITH INTENT TO DISTRIBUTE 100 GRAMS OR MORE OF HEROIN,
   IN VIOLATION OF TITLE 21 U.S.C. 846, 841 (A)(1) 841 (B)(1)(B), A CLASS B
   FELONY. MANDATED CONDITION, MANDATORY REVOCATION, GRADE A
   VIOLATION.

2. ON OR ABOUT SEPTEMBER 14, 2016, IN BRONX, NEW YORK, NEIL MENA
   COMMITTED A FEDERAL CRIME, POSSESSION OF A FIREARM IN
   CONNECTION WITH A NARCOTICS CONSPIRACY, IN VIOLATION OF TITLE
   18 U.S.C. 924 (C)(1)(A)(I), A CLASS B FELONY. MANDATED CONDITION,
   MANDATORY REVOCATION, GRADE A VIOLATION.

Mena, Neil                                    2                        240688 - JG

U.S. Probation Officer Recommendation:

    The term of supervision should be:

        [X] Revoked

            Extended for year(s), for a total term of years.

    The conditions of supervision should be modified as follows:

I declare under penalty of perjury that the foregoing is true and correct. (Supporting documentation is attached)

                              Respectfully submitted,

                              Michael Fitzpatrick
                              Chief U.S. Probation Officer

                              Jaclyn Grabowski
                              U.S. Probation Officer

Approved By:

Andrew Chan   10/5/16
Supervisory U.S. Probation Officer

Mena, Neil                                3                         240688 - JG
                                                         Docket No.: 1:15CR00281



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
PROBATION OFFICE

*Judicial Response*

THE COURT ORDERS:

[ ✓ ] The Issuance of a Warrant

[ ] The Issuance of a Summons

[ ] Submit a Request for Modifying the Condition or Terms of Supervision

[ ] Other

_____
Signature of Judicial Officer

10 / 12 / 16
_____
Date

JOINT APPENDIX "B"

SWORN AFFIDAVIT:
NEIL MENA

RE: <u>Neil Mena v. United States of America</u>, Criminal No(s). 16-Cr-623
15-Cr-281

1. I, Neil Mena, the "Affiant" do hereby declare by deposing that the hereinafter statements are true and correct to the best of my knowledge and recollection.

2. In the above captioned criminal case numbers, your Affiant was represented by Attorney Mary Anne Wirth (hereinafter "Defense Counsel") of the Law Offices of Bleakley Platt & Schmidt, LLP.

3. Before your Affiant entered his guilty plea on March 22, 2017, pursuant to Federal Rule of Criminal Procedure 11, defense counsel visted your Affiant in prison sometime in November of 2016.

4. During the said November visit with defense counsel, defense counsel provided your Affiant with a copy of the Southern District of New York's Probation Department's Sentencing Memorandum dated October 5, 2016, submitted by U.S. Probation Officer Jaclyn Grabowski and approved by Supervisory U.S. Probation Officer Andrew Chan.

5. During the said November visit with defense counsel, defense counsel informed your Affiant that she had good news. Defense Counsel informed your Affiant that "Probation wants your violation time to run concurrent with whatever sentence you may receive in your new case." Defense Counsel then informed your Affiant that the sentence would be two years but that she maybe could get it to 18 months. Your Affiant responded to defense counsel that he would indeed be willing to plead guilty to the supervised release violation if the sentence would be ran concurrent. Defense Counsel then informed your Affiant that since the Probation Department agreed to a concurrent sentence and it was

approved by the supervisors, the sentence would definitely be ran concurrent.

6. Sometime in February of 2017, before your Affiant's March 22, 2017, guilty plea, defense counsel again visted your Affiant in Prison.

7. During the said February visit, defense counsel and your Affiant discussed plea negotiations with the government. Your Affiant immediately inquired about the supervised release vioaltion sentence and if indeed that sentence would still be ran concurrent. Defense Counsel responded by informing your Affiant that the current plea negotiations were "a separate matter and to not worry about the violation time because that's pretty much guranteed to be ran concurrent and that she just couldn't gurantee the 18 months."

8. Your Affiant then communicated to defense counsel that he would be willing to enter a guilty plea in Case Number 16 Cr. 623 if he would be pleading to the lesser included offense (§841(b)(1)(C)), and if his supervised release violation time would be ran concurrent with the sentence in his new case.

9. Defense Counsel then communicated to your Affiant that his first condition (pleading to the lesser offense) would be met because the govenment agreed to the condition and that your Affiant's second condition would be met as well because the Probation Department agreed as well.

10. Before your Affiant signed the plea agreement in Case No. 16 Cr. 623, your Affiant again asked defense counsel if his two conditions would be met in which defense counsel responded: "I promise you'll get them, the only reason the probation violation isn't in the plea agreement is because its separate, a different issue, but I'm telling you, the sentence will be ran concurrent because that's what your P.O. wants."

11. On March 22, 2017, your Affiant entered a guilty plea per Rule 11 in Case Number 16 Cr. 623 with the belief that his supervised release sentence would be ran concurrent to that sentence.

-2-

12. On the morning of July 10, 2017, (your Affiant's sentencing hearing), defense counsel visited your Affiant in the courthouse lockup area and advised your Affiant that she had bad news. Defense counsel informed your Affiant that Probation Officer Grabowski was unavailable and that another Probation Officer had amended your Affiant's sentencing petition which called for a 24 month consecutive sentence. Defense counsel stated to your Affiant that she was sorry and that she knows that she promised the sentence would be ran concurrent but that Officer Grabowski was unavailable.

13. Upon being informed of this development your Affiant informed defense counsel that he did not wish to plead guilty to either his new offense or the supervised release violation. Defense counsel responded to your Affiant that it was too late for him to change his mind and that it was nothing she could do. In response to your Affiant's wish not to admit guilt to the supervised release violation defense counsel informed your Affiant that if he proceeded with a revocation hearing that he would definitely receive the maximum sentence consecutive despite any argument she made otherwise

14. Your Affiant would not have entered a guilty plea in Case No. 16 Cr. 623 if he knew that his supervised release violation sentence would not be ran concurrent as defense counsel promised. If your Affiant would have known that defense counsel's promise was unfulfillable he would have exercised his Sixth Amendment right to a jury trial. With respect to your Affiant's supervised release violation, if your Affiant would have known that there was no basis in defense counsel's gurantee that your Affiant would receive the maximum penalty sentence consecutive if your Affiant exercised his right to a revocation hearing, your Affiant would have exercised his right under Fed.R.Crim.P. 32.1(b)(2) for a revocation hearing.

15. Your Affiant was not aware of the possible sentencing possi-
bilities throughout the entire proceedings. Your Affiant was promised,
and guranteed that he would receive a concurrent 24 month sentence with
whatever sentence was imposed in Case Number 16 Cr. 623. Your Affiant
was then informed that this sentence could possibly be 18 months instead
of 24 months. After defense counsel made your Affiant aware of the
Probation Department's amendment, your Affiant was confused, defense
counsel stated that probation now petitioned for a 24 month sentence
consecutive but when your Affiant informed counsel that he wished to
not admit vioalting probation terms, defense counsel informed your
Affiant that he would most definitely receive the maximum sentence con-
secutive. Since the November 2016, and February 2017, meetings with
defense counsel, where defense counsel guranteed and promised your
Affiant a concurrent sentence, (because according to defense counsel,
his P.O. wanted that and agreed to that), your Affiant was of the belief
that the court in this matter was constrained to impose a concurrent
sentence.


I hereby certify under the penalties of perjury pursuant to
28 U.S.C. §1746 that the foregoing statements contained in the
instant affidavit are true and correct.

_____                    _____
Name                                                            Date

-4-

JOINT APPENDIX "C"



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
PROBATION DEPARTMENT

TO:         Honorable Cathy Seibel
            U.S. District Judge

FROM:       Andrew Chan
            Supervisory U.S. Probation Officer

                    RE: Neil Mena
                    Docket No. 1:15CR00281

Enclosed is a matter from the U.S. Probation Department requesting consideration and/or review by Your Honor. Mr. Mena is scheduled to appear before Your Honor on July 10, 2017 at 2:45 for sentencing on Docket # 16 CR 623.  Your Honor has also agreed to preside over the violation of supervised release in Docket# 15 CR 281.

Attach please find a second amendment to the violation petition dated October 5, 2016. The report is submitted for the Court's review and no response is requested.

                    Respectfully submitted,

                    _____
                    Andrew Chan
                    Supervisory U.S. Probation Officer
                    Phone: 212-805-5111

DATE: July 10, 2017



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK
### SECOND AMENDMENT TO VIOLATION REPORT DATED OCTOBER 5, 2016

| | |
|---|---|
| UNITED STATES OF AMERICA | ) VIOLATION REPORT |
| | ) |
| vs. | ) Docket No.: 1:15CR00281 |
| | ) |
| Neil J. Mena | ) Date of Sentence: November 16, 2007 |
| a.k.a. Neal Mena, "Smiley" | ) |

Prepared For: Honorable Cathy Seibel
              U.S. District Judge

Prepared By: Andrew Chan
             Supervisory U.S. Probation Officer
             212-805-5111

Assistant U.S. Attorney
Maurene Comey
300 Quarropas St.
White Plains, NY 10601
914-933-1900

Defense Counsel
Mary Anne Wirth
Bleakley Platt & Schmidt LLP
One North Lexington Avenue
White Plains, New York 10601
(914) 287-6108
mwirth@bpslaw.com

**Offense:** Ct 1: Felon in Possession of Firearms, 18 U.S.C. 922(g)(1) and 924(a)(2), a Class C Felony
Ct 2: Possession with Intent to Distribute Cocaine, 21 U.S.C. 841(a)(1) and 841(b)(1)(C), a Class C Felony.

**Original Sentence:** 100 Months' Custody and 4 Years' Supervised Release

**Special Conditions:** Drug Treatment, Alcohol Treatment, Search/Seizure and Substance Abuse Testing.

**Custody Status:** In federal custody.

**Attachments:** PSI & Judgment

**Type of Supervision:** Supervised Release      **Date Supervision Commenced:** January 30, 2015

Mena, Neil                                          2                           240688 - JG
                                    Date Supervision Expires: January 29, 2019

Date: July 10, 2017

**The original violation report was submitted to The Honorable J. Paul Oetken on October 5, 2016, and the issuance of a warrant was ordered on that date. As some information has changed since the last amendment dated May 10, 2017, this report has been amended to update the Court with additional information.  For your convenience, all new information is indicated in bold print.**

## SUPERVISION ADJUSTMENT

On November 16, 2007, Mr. Mena was sentenced by Chief United States District Court Judge Norman Mordue in the Northern District of New York, after pleading guilty to Felon in Possession of Firearms (18 U.S.C. 922(g)(1) and 924(a)(2)), a class C felony, and Possession with Intent to Distribute Cocaine (21 U.S.C. 841(a)(1) and 841(b)(1)(C)), a class C felony. Mr. Mena was sentenced to one hundred (100) months' imprisonment followed by four (4) years' supervised release. Mr. Mena was ordered to pay a special assessment fee of $200.

The judgment included the following special conditions:

1. The defendant shall participate in a program of testing and treatment for substance abuse, approved by the probation officer, until such time as the defendant has satisfied all requirements of the program.
2. The defendant shall submit to a warrantless search and seizure of person and property as directed by the probation officer, to determine whether the defendant is in possession of contraband or there is evidence of violation.

The offense that yielded supervised release involved Neil Mena selling illegal narcotics in Utica, New York. The Utica Police Department executed a search of Mr. Mena's residence that recovered a loaded Smith and Wesson Model 19, .357 magnum revolver, a Charles Daly 12 gauge pump-action shotgun, and a Raven .25 caliber semiautomatic pistol. Upon further investigation of Mr. Mena's apartment, officers found plastic bags containing cocaine in a safe.

On January 30, 2015, Mr. Mena was released from federal custody to the Southern District of New York to commence his term of supervised release. Jurisdiction of this matter was subsequently transferred to the Southern District of New York and assigned to the Honorable J. Paul Oetken.

Mr. Mena was residing at 3086 Hatting Place, Bronx, New York, 10465, with his mother and younger brother. Initially, the releasee was unemployed for the first five months of supervised release. He later secured employment at an ambulette service assisting the driver with transporting patients. Mr. Mena was employed with this company for about a year. He left this job after sustaining an injury at work. He was unemployed for two months. In August 2016, Mr. Mena secured employment at Wayback Burgers, Yorktown Heights, New York.

On June 2, 2015, Mr. Mena tested positive for marijuana use. Mr. Mena was able to maintain abstinence until January 20, 2016 when he tested positive for marijuana use again. Consequently, he was referred to outpatient treatment at Samaritan Village/Daytop Bronx. Mr. Mena tested positive again on March 1, 2016.  He ultimately completed the outpatient treatment program on June 9, 2016. The most recent drug test administered at the Probation Office on August 11, 2016, produced negative results for illicit drug use.

Mena, Neil                                    3                              240688 - JG

On September 14, 2016, Mr. Mena was arrested by the Federal Bureau of Investigation (FBI). Mr. Mena's was charged with A Felon in Possession of a Firearm and Narcotics Conspiracy. Subsequent to Mr. Mena's arrest by the FBI on September 14, 2016, the probation office executed a condition search of his residence at 3086 Hatting Place, second floor, Bronx, NY, 10465. This search was conducted pursuant to the search condition of supervised release. The search recovered a firearm, ammunition, drugs, and drug paraphernalia.

While under supervised release, Mr. Mena reported for all scheduled office appointments and submitted requested documentation in a timely manner. However, he was unable to remain trouble free with the law.

A violation of supervised release was filed on October 5, 2016 as a result of the new criminal charges. We are charging Mr. Mena with violating the following conditions of supervised release:

## VIOLATION CIRCUMSTANCES

1. FROM MARCH 2016 THROUGH AUGUST 2016, IN THE SOUTHERN DISTRICT OF NEW YORK AND ELSEWHERE, NEIL MENA COMMITTED A FEDERAL CRIME, CONSPIRACY TO DISTRIBUTE AND POSSESS HEROIN, IN VIOLATION OF TITLE 21 U.S.C. 846, 841 (a)(1), 841 (b)(1)(C), A CLASS C FELONY. MANDATED CONDITION, MANDATORY REVOCATION, GRADE A VIOLATION.

2. IN OR ABOUT JULY 2016, IN THE SOUTHERN DISTRICT OF NEW YORK AND ELSEWHERE, NEIL MENA COMMITTED A FEDERAL CRIME, POSSESSION OF A FIREARM IN CONNECTION WITH A NARCOTICS CONSPIRACY, IN VIOLATION OF TITLE 18 U.S.C. 924 (c)(1)(A)(i), A CLASS A FELONY. MANDATED CONDITION, MANDATORY REVOCATION, GRADE A VIOLATION.

Between March 2016 and August 2016, the FBI conducted 17 undercover purchases of heroin in and around Westchester County from Mr. Mena and Richard Almarez. Both Mr. Almarez and Mr. Mena were present together for seven of the transactions. Mr. Almarez was present alone for one controlled purchase. Mr. Mena was present alone for nine of the transactions. Of the nine purchases, seven involved just heroin, one involved the sale of a firearm, and one involved both the sale of a firearm and heroin.

In total, Mr. Almarez and Mr. Mena sold over 100 grams of heroin to the undercover officer. Mr. Mena sold two firearms to the officer. They received $23,760 in return for the sale of the heroin and firearms.

On September 14, 2016, pursuant to a search condition of Mr. Mena's term of supervised release, the FBI and the U.S. Probation Office conducted a search of Mr. Mena's apartment. The following was discovered in the residence:

-One Round of FC 9mm Luger ammunition, located on the floor to the right of the bed in plain view within Mr. Mena's bedroom.

-One SAR Arms 9mm Semi-Automatic Handgun recovered from underneath Mr. Mena's bed.

-One box of Remington .40 S&W Ammunition containing 43 rounds located within a cardboard box on the floor in the computer room off the bedroom.

-A Tinfoil package containing a white powdery substance with approximate weight of 4.6g in plain view on the coffee table in the living room.

-Tinfoil package containing a white powdery substance with approximate weight of 12.6g within an aluminum tin also containing rice in plain view on the coffee table in the living room.

-Four beige pills marked "215" within an aluminum tin also containing rice in plain view on the coffee table in the living room.[1]

-A CR Digital Scale "JDS-J100" containing a white powder residue located in plain view on the end table by the front door in the living room.

Mr. Mena was arrested on September 14, 2016 without incident.

On March 22, 2017, Mr. Mena appeared before the Honorable Cathy Seibel and pleaded guilty to the charges indicated in violation specifications one and two.

## COURT STATUS IN OTHER JURISDICTIONS

The new federal charges are  before the Honorable Cathy Seibel, United States District Judge, Southern District of New York,  under the alias of Neal Mena, docket number 16 CR 623, along with co-defendant Richard Almarez. The pending federal charges listed in violation specifications 1 and 2, and under docket number 16-CR-623 are class C and A felonies. The maximum imprisonment term for a class C felony is 20 years.  The maximum imprisonment term for a class A felony is life.

Your Honor agreed to preside over the violation of supervised release in docket # 15 CR 281.  On April 24, 2017, the Honorable J. Paul Oetken approved the transfer of the pending violation of supervised release under Dkt # 15CR281 to the Honorable Cathy Seibel.

## SENTENCING OPTIONS

## CRIMINAL HISTORY CATEGORY: III*

*In docket# 15 CR 281, the Presentence report correctly calculated Mr. Mena's Criminal History Category as a IV at the time of sentencing, but the Guidelines have been amended since Mr. Mena was sentenced, and some of the older convictions are no longer applicable.  As such, Criminal Category III should be considered.

Mena, Neil                                  6                    240688 - JG

## RECOMMENDATION

At this time we would respectfully request that the Court issue a warrant, so the offender can be brought before the Court to answer to the above specifications.

If the Court finds Mr. Mena is guilty of a Grade A violation, we are respectfully recommending that he be sentenced to the statutory maximum of twenty-four (24) months imprisonment to be served **consecutive** with any sentenced imposed under docket# 16 CR 623. We are recommending no supervised release to follow, as Mr. Mena will be under supervised release under docket# 16 CR 623.

Should the Court grant our request to initiate violation action, this memorandum will be disclosed to the offender, defense counsel and prosecutor, unless Your Honor directs otherwise.

## JUSTIFICATION

Mr. Mena's involvement in the offense that yielded supervised release involved him selling narcotics and possessing multiple firearms. These are the same charges that have been filed under docket # 16 CR 623. Mr. Mena has prior convictions for criminal possession of a weapon (loaded firearm), at the age of 17, criminal possession of a weapon with the intent to use (gravity knife) and attempted robbery.

Mr. Mena continues to be a persistent criminal involved in the sale of illicit drugs and illegally possessing firearms. It is apparent that he has not learned from his past encounters with the criminal justice system and Mr. Mena remains a danger to the community. He is poisoning the streets and exacerbating the current heroin epidemic that has besieged society. In addition, while distributing illicit drugs, he is carrying a loaded firearm.

Mr. Mena's blatant disregard for the Court and the laws that govern our society is evidence that he is not ready to change his criminal thinking to become a productive member of society. Due to the severity of the pending charges that have been brought against him, we are recommending the statutory maximum imprisonment term.

Respectfully submitted,

Jaclyn Grabowski
U.S. Probation Officer

Revised by:

Andrew Chan    05/10/2017
Supervisory U.S. Probation Officer



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
PROBATION DEPARTMENT

Petition for Warrant
with Attached Request for
Court Action Direction Detailing Probable Cause

Offender: Neil Mena a.k.a. Neal Mena, "Smiley"          Docket Number: 1:15CR00281

Presiding Judge: Honorable Cathy Seibel, U.S. District Judge

Sentencing Judge: Honorable Norman Mordue, Chief U.S. District Judge, Northern District of New York

Date of Original Sentence: November 16, 2007

Original Offense:
Ct 1: Felon in Possession of Firearms, 18 U.S.C. 922(g)(1) and 924(a)(2), a Class C Felony
Ct 2: Possession with Intent to Distribute Cocaine, 21 U.S.C. 841(a)(1) and 841(b)(1)(C)

Original Sentence: One Hundred (100) Months Custody, followed by Four (4) Years Supervised Release

Type of Supervision: Supervised Release Date Supervision Commenced: November 16, 2007

## SECOND AMENDMENT TO PETITION DATED OCTOBER 5, 2016

### Nature of Noncompliance

1. FROM MARCH 2016 THROUGH AUGUST 2016, IN THE SOUTHERN DISTRICT OF NEW YORK AND ELSEWHERE, NEIL MENA COMMITTED A FEDERAL CRIME, CONSPIRACY TO DISTRIBUTE AND POSSESS HEROIN, IN VIOLATION OF TITLE 21 U.S.C. 846, 841 (a)(1), 841 (b)(1)(C), A CLASS C FELONY. MANDATED CONDITION, MANDATORY REVOCATION, GRADE A VIOLATION.

2. IN OR ABOUT JULY 2016, IN THE SOUTHERN DISTRICT OF NEW YORK AND ELSEWHERE, NEIL MENA COMMITTED A FEDERAL CRIME, POSSESSION OF A FIREARM IN CONNECTION WITH A NARCOTICS CONSPIRACY, IN VIOLATION OF TITLE 18 U.S.C. 924 (c)(1)(A)(i), A CLASS A FELONY. MANDATED CONDITION, MANDATORY REVOCATION, GRADE A VIOLATION.

U.S. Probation Officer Recommendation:

The term of supervision should be:

[X] Revoked

Extended for year(s), for a total term of years.

The conditions of supervision should be modified as follows:

I declare under penalty of perjury that the foregoing is true and correct. (Supporting documentation is attached)


Respectfully submitted,


Michael Fitzpatrick
Chief U.S. Probation Officer


Jaclyn Grabowski
U.S. Probation Officer

Amended By:

Andrew Chan   05/10/17
Supervisory U.S. Probation Officer

